IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RUTH NORTEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-CV-523-TCK-FHM |
| | ) | |
| ST. JOHN MEDICAL CENTER, INC., and | ) | |
| ASCENSION ST. JOHN d/b/a ST. JOHN | ) | |
| HEALTH SYSTEM, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Before the Court is the Motion to Dismiss Plaintiff Ruth Nortey's Amended Complaint. Doc. 18. In their motion, defendants St. John Medical Center, Inc., and Ascension St. John d/b/a St. John Health System, Inc., contend that the Amended Complaint fails to meet the pleading requirements of Fed. R. Civ. P. 12(b)(6). *Id.* Plaintiff opposes the motion, and alternatively requests that if defendants' motion to dismiss is granted, she be permitted to file another amended complaint pursuant to Fed. R. Civ. P. 15(a)(2). Doc. 20.

**I. Background**

Plaintiff, a former employee of Defendants St. John Medical Center, Inc. and Ascension St. John d/b/a St. John Health System, Inc., filed her Complaint in this case on September 30, 2019, and an Amended Complaint on October 2, 2019. Docs. 2, 8. Both the Complaint and the Amended Complaint assert claims for employment discrimination and hostile work environment, and seek actual and punitive damages of $1,000,000. *Id.* In their motion, Defendants contend the Amended Complaint fails to state a claim upon which relief can be granted. Doc. 18.

**II. Applicable Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" . . . "it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Id.*

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.* at 556. Allegations in a complaint must be sufficient to show that a plaintiff plausibly, and not just speculatively, has a claim for relief. *Baker v. Key Maint., Inc.*, 18 CV-0053-TCK-JFJ, 2019 WL 2223100, at *2 (N.D. Okla. May 22, 2019 (citing *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)).

The Court should be "particularly critical of complaints that 'mention[] no specific time, place, or person involved" in the alleged misconduct and should reject pleadings that rely on the collective term "defendants" without clarifying who is alleged to have done what to whom. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. a564 n. 10).

**III. Allegations of the Amended Complaint**

The two-page Amended Complaint alleges that:

- Plaintiff was an African American employee of Defendants. Doc. 8 at 1.

- Throughout her employment, she was "subject to discrimination based on her race" and "has endured a racially hostile work environment, as a result of Defendants' negligent or reckless or willful acts and omissions." *Id.*

- Ultimately, Defendants "terminated Plaintiff's employment motivated by her national origin, race, medical disability, and retaliation." *Id.*

- As a result, Plaintiff has "lost wages, endured emotional distress, and has been otherwise damaged." *Id.* at 2.

- Plaintiff timely filed charges with the United States EEOC, received her Notice of Right to Sue, and timely commenced this action. *Id.*

Plaintiff seeks actual and punitive damages of $1 million, attorney fees, costs of the action and injunctive relief. *Id.*

**IV. Analysis**

The Amended Complaint is woefully deficient and wholly fails to satisfy the requirements of Rule 12(b)(6), *Iqbal* and *Twombly*. It does not set forth the elements of *any* of Plaintiff's causes of action (race discrimination, racially hostile work environment, national origin discrimination, medical disability and retaliation). Worse, it is devoid of specific factual allegations detailing how she was subjected to any of those types of discrimination and/or hostile work environment. Nor does it identify which Defendant was her employer and—aside from the termination of her employment—what discriminatory actions were taken against her. Accordingly, the Amended Complaint is subject to dismissal.

Because Plaintiff has already amended her complaint once, she must receive Court approval to file another amended complaint. Fed. R. Civ. P. 15(a)(2). That rule instructs that "[t]he court should freely give leave when justice so requires." *Id.* The Court concludes that in the interest of justice, Plaintiff's request for leave to file a second amended complaint should be granted.

## V.  Conclusion

Defendants' Motion to Dismiss the Amended Complaint (Doc. 18) is granted.  Plaintiff is granted leave to file a second amended complaint on or before July 22, 2020.

**ENTERED this 8th day of July, 2020.**

_____
TERENCE C. KERN
United States District Judge